**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Lawrence JOU, Defendant—Appellant.**

**No. 03–10410.**

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2006.*

Filed April 19, 2006.

Mark N. Zanides, Esq., Office of the U.S. Attorney, Oakland, CA, for Plaintiff–Appellee.

Christopher Johns, Esq., Johns & Allyn, San Rafael, CA, for Defendant–Appellant.

Before: HAWKINS, McKEOWN and PAEZ, Circuit Judges.

**MEMORANDUM ***

Lawrence Jou appeals from his 33–month sentence imposed upon his guilty plea to conspiracy and criminal copyright

infringement in violation of 18 U.S.C. § 371, 17 U.S.C. § 506(a), and 18 U.S.C. § 2319(a) and (b)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291.

Jou contends that the district court violated his Sixth Amendment rights when it ordered restitution. This claim is foreclosed by *United States v. Bussell*, 414 F.3d 1048, 1060 (9th Cir.2005) (stating that district court orders of restitution are unaffected by *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)).

We remand to the sentencing court for further proceedings consistent with *United States v. Ameline*, 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc).

**REMANDED.**

**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Timothy Ray GLOVER, Defendant—Appellant.**

**Nos. 04–10223, 05–10702.**

United States Court of Appeals, Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Submitted April 5, 2006.*

Filed April 19, 2006.

William L. Shipley, Dawrence W. Rice, Jr., USF—Office of the U.S. Attorney, Fresno, CA, for Plaintiff–Appellee.

Ann H. Voris, Esq., FPDCA—Federal Public Defender's Office, Fresno, CA, for Defendant–Appellant.

Before: HAWKINS, McKEOWN and PAEZ, Circuit Judges.

## MEMORANDUM **

Timothy Ray Glover appeals from two judgments of the district court which revoked his supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Glover's arguments are foreclosed by *Johnson v. United States*, 529 U.S. 694, 713, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000), which held that both custody and an additional term of supervised release could be imposed when the district court revoked supervised release. We reject Glover's attempt to limit the application of *Johnson*.

**AFFIRMED.**

courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.